IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| HIEP DUC NGO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:16-CV-193-O |
| | § | |
| WARDEN TDC, | § | |
| | § | |
| Respondent. | § | |

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed

by an unknown person on behalf of Petitioner, Hiep Duc Ngo, a state prisoner confined in the

Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against the

warden of TDCJ, Respondent.[1]   After considering the pleadings and relief sought on behalf of

Petitioner, the Court has concluded that the petition should be dismissed as successive. No service

has issued upon Respondent.

## I.  BACKGROUND

Petitioner is serving a life sentence in TDCJ on his November 6, 2008, murder conviction

in Tarrant County, Texas. Pet. 1, ECF No. 3. Petitioner has filed a prior federal habeas petition in

this Court challenging the same conviction. *Ngo v. Thaler,* No. 4:13-CV-138-Y (dismissed for

failure to exhaust, in part, and denied, in part, on December 4, 2013). The Court takes judicial notice

of the pleadings and state court records filed in the prior federal habeas action.

## II.  DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and

---

[1]The petition was filed in the Amarillo Division and transferred to this division on March 9, 2016.

28 U.S.C. § 2243 both authorize a habeas corpus petition to be summarily dismissed.[2] The Court of Appeals for the Fifth Circuit recognizes a district court's authority under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999). From the face of the instant petition and court records, it is apparent that this is a second or successive petition.

Title 28 U.S.C. § 2244(b) requires dismissal of a second or successive petition filed by a state prisoner pursuant to 28 U.S.C. § 2254. 28 U.S.C. § 2244(b)(1)-(2). Under § 2244(b)(2), applicable to this case, a claim presented in a second or successive petition that was not presented in a prior petition must be dismissed unless the petitioner "shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable[.]" *Id.* § 2244(b)(2)(A). Further, before a petitioner may file a successive § 2254 petition, he must obtain authorization from the appropriate court of appeals. 28 U.S.C. § 2244(b)(3)(A). Accordingly, Petitioner must obtain authorization from the Fifth Circuit Court of Appeals before he may file his successive petition in district court. Petitioner neither alleges nor

---

[2]Section 2243, governing applications for writ of habeas corpus, provides:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person is not entitled thereto.*

28 U.S.C. § 2243 (emphasis added).

Rule 4 of the Rules Governing Section 2254 Cases provides:

> The original petition shall be promptly presented to a judge of the district court in accordance with the procedure of the court for the assignment of its business. The petition shall be examined promptly by the judge to whom it is assigned. *If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified.*

Rules Governing Section 2254 Cases, Rule 4 (emphasis added).

demonstrates that he has obtained authorization to file the instant petition. Without such authorization, this Court is without jurisdiction to consider the petition. *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997); *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000).

## III. CONCLUSION

For the reasons discussed herein, Petitioner's petition for writ of habeas corpus is DISMISSED for lack of jurisdiction without prejudice to his right to seek authorization from the Fifth Circuit Court of Appeals to file the petition in district court.

**SO ORDERED** on this 10th day of March, 2016.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**